JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5617-RGK (PJWx) | Date | September 10, 2015 |
|---|---|---|---|
| Title | *LEVON KIRAKOSIAN v. AMCO INSURANCE CO. AND ALLIED PROPERTY AND CASUALTY INS. CO.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On March 10, 2015, Levon Kirakosian ("Plaintiff") filed a complaint against Amco Insurance Company ("Amco") and Allied Insurance Company (collectively, "Defendants") alleging claims for (1) Breach of Written Contract, and (2) Breach of the Covenant of Good Faith and Fair Dealing.

On July 24, 2015, Amco removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

In it Notice of Removal, Amco asserts that the amount in controversy is greater than $75,000. Its basis for this assertion is only that (1) Plaintiff's settlement demand letter requests a lump sum of $70,000, and (2) prior jury verdicts involving bad faith actions suggest that Plaintiff could receive a punitive damage award in excess of $5,001. The second contention is too speculative to establish that the amount in controversy requirement by a preponderance of the evidence. Therefore, the Court finds that Amco fails to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer |  |  |